# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### OCTOBER SESSION, 1997

FILED

December 23, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| TIMOTHY WELLS, | ) | C.C.A. NO. 03C01-9701-CR-00008 |
| | ) | |
| Appellant | ) | |
| | ) | |
| | ) | McMINN COUNTY |
| VS. | ) | |
| | ) | HON. MAYO L. MASHBURN |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

## ON APPEAL FROM THE JUDGMENT OF THE CRIMINAL COURT OF McMINN COUNTY

FOR THE APPELLANT:

TIMOTHY WELLS
Pro Se
Carter County Work Camp
Caller #1
Roan Mountain, TN 37687

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

PETER M. COUGHLAN
Assistant Attorney General
425 5th Avenue North
Nashville, TN 37243

JERRY N. ESTES
District Attorney General
Washington Avenue
Athens, TN 37303

OPINION FILED _____

AFFIRMED

DAVID H. WELLS, JUDGE

# OPINION

The Petitioner, Timothy Wells, appeals as of right pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure from the trial court's denial of his petition for post-conviction relief. The Petitioner filed a petition for post-conviction relief on June 11, 1996. On July 8, 1996, the trial court dismissed the petition without conducting an evidentiary hearing. Although on different grounds than relied upon by the trial judge, we affirm the judgment of the trial court.

On August 11, 1993, the Petitioner pleaded guilty to one count of aggravated burglary, five counts of burglary, one count of theft over $1000, one count of theft over $500, and one misdemeanor count of theft under $500. He was sentenced as a Range II, multiple offender to six years for aggravated burglary, four years for each burglary conviction, four years for theft over $1000, two years for theft over $500, and eleven months and twenty-nine days for the theft under $500 conviction. The sentences were ordered to run concurrently with each other, but the aggravated burglary conviction and the five burglary convictions were ordered to be served consecutively to several prior convictions. The Petitioner waived his right to appeal.

On June 11, 1996, the Petitioner filed the pro se petition for post-conviction relief which is the subject of this appeal. In the petition, he argued that his trial counsel rendered ineffective assistance during the guilty plea proceedings and that his guilty pleas were not entered knowingly or voluntarily because he did not understand the consequences of the pleas he was entering. The trial court

reviewed the petition and reviewed the audio-taped recording of the hearing on the guilty pleas conducted on August 11, 1993. The trial court dismissed the Petition without conducting an evidentiary hearing, concluding that the petition was based on "blatent lies and misrepresentations" that were without merit. We affirm the judgment of the trial court not on this reasoning, but because the Petitioner's claims are time-barred.

Although the Petitioner has argued the merits of his petition in this appeal, the State counters that the petition was properly dismissed because it was time-barred. The Petitioner acknowledges in his petition that it was filed beyond the one year statute of limitations, but argues that it should be governed by the prior Post-Conviction Procedure Act that provided a three-year statute of limitations. We disagree. At the time the Petitioner's convictions became final, the statute of limitations applicable to post-conviction proceedings was three years. Tenn. Code Ann. § 40-30-102 (repealed 1995). The three-year statute of limitations was subsequently shortened to one year by the new Post-Conviction Procedure Act, which took effect on May 10, 1995. See Tenn. Code Ann. § 40-30-201 et seq. (Supp. 1996). At the time the new Act took effect, the previous three-year statute of limitations had not expired for the Petitioner.

Of course, the new Post-Conviction Procedure Act governs this petition and all petitions filed after May 10, 1995. See Tenn. Code Ann. § 40-30-201 et seq. (Supp. 1996). This Act provides, in pertinent part, that "notwithstanding any other provision of this part to the contrary, any person having ground for relief recognized under this part shall have at least one (1) year from May 10, 1995, to file a petition or a motion to reopen a petition under this part." Compiler's Notes

to Tenn. Code Ann. § 40-30-201 (Supp. 1996) (referring to Acts 1995, ch. 207, § 3). Because the previous three-year statute of limitations had not expired for the Petitioner at the time the new Act took effect, his right to petition for post-conviction relief survived under the new Act. State v. Carter, ___ S.W.2d ___ (Tenn. 1997).

As a result, the Petitioner had one year from the effective date of the new Act, May 10, 1995, to file for post-conviction relief. See Compiler's Notes to Tenn. Code Ann. § 40-30-201 (Supp. 1996) (referring to Acts 1995, ch. 207, § 3); Tenn. Code Ann. § 40-30-202(a) (Supp. 1996). He filed his petition for post-conviction relief on June 11, 1996, about one month after the expiration of the one-year period. The Petitioner has not alleged that he fits within one of the enumerated exceptions to the one-year statute of limitations. See Tenn. Code Ann. §§ 40-30-202(b) and -202(c) (Supp. 1996). Accordingly, we conclude that the petition is barred by the statute of limitations. Furthermore, the trial court may summarily dismiss a petition that was not filed within the applicable statute of limitations. See Tenn. Code Ann. § 40-30-206(b).

For the reasons set forth in the discussion above, we conclude that the petition for post-conviction relief was properly dismissed. The judgment of the trial court is therefore affirmed.

_____
DAVID H. WELLES, JUDGE

-4-

CONCUR:

_____
GARY R. WADE, JUDGE


_____
JERRY L. SMITH, JUDGE